IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL TATMON, | No. C 09-0094 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE; DENIAL OF PETITIONER'S MOTIONS TO PROCEED IN FORMA PAUPERIS AND FOR APPOINTMENT OF COUNSEL** |
| v. | |
| JOHN W. HAVILAND, Warden, | |
| Respondent. | |

Petitioner, a California prisoner currently incarcerated at Solano State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He also requests leave to proceed in forma pauperis.

Venue is proper because the conviction was obtained in Alameda County, which is in this district. *See* 28 U.S.C. 2241(d).

**STATEMENT**

A jury convicted petitioner of carjacking, *see* Cal. Penal Code 215(a); second degree commercial burglary, *see id.* 459; false imprisonment by violence, *see id.* 236; and second degree robbery, *see id.* 211. It also sustained special allegations of personal use of a knife on the first three counts, *see id.* 12022(b)(1). Petitioner admitted numerous prior convictions, including several strikes on each count, *see* 667(e)(2)(A), 1170.12(c)(2)(A)). He was sentenced to an aggregate unstayed term of ninety-three years to life, the main component being consecutive three-strike terms that yielded seventy-five years to life.

His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court denied review.

## DISCUSSION

### A. STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

### B. LEGAL CLAIMS

As grounds for federal habeas relief, petitioner asserts that: (1) admission of evidence of a 1991 crime violated his due process rights; (2) the prosecutor committed misconduct with respect to the evidence of the 1991 crime; (3) the trial court's use of an improper pinpoint jury instruction violated due process; and (4) the trial court's use of CALJIC 2.90 violated due process. These claims are sufficient to require a response.

### C. MOTION FOR COUNSEL

Petitioner has moved for appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). However, 18 U.S.C. 3006A(a)(2)(B) authorizes a

1 district court to appoint counsel to represent a habeas petitioner whenever "the court determines
2 that the interests of justice so require and such person is financially unable to obtain
3 representation."

4 Petitioner has presented his claims adequately in the petition, and they are not
5 particularly complex. The interests of justice do not require appointment of counsel.

**CONCLUSION**

1. In view of petitioner's inmate account balance and income, his application to proceed in forma pauperis (document number 4 on the docket) is **DENIED**. His motion for counsel (document 2) also is **DENIED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition. If a motion is filed it will be ruled upon without oral argument, unless otherwise ordered.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be

filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: May   15  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\TATMON0094.OSC.wpd

4